UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

F/N/U L/N/U a/k/a Tony McKinnon
a/k/a Reginal Davis a/k/a Saeed
a/k/a Reginald Davis,

                Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/10

No. 09 Cr. 543 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Before the Court is Defendant's motion for acquittal on Counts Four and Six of the third superceding indictment. Plaintiff was convicted at a jury trial on June 15, 2010 on Counts One, Four, and Six. Count Four charges Defendant with making false statements to a federal agent at the safety-valve proffer held on December 21, 2009 in violation of 18 U.S.C. § 1001. The alleged false statements included (1) giving a false name, (2) giving a false social security number, (3) giving a false date of birth, and (4) giving a false place of birth. Count Six charges that Defendant committed aggravated identity theft during and in relation to a felony, namely Count Four, in violation of 18 U.S.C. § 1028A. Defendant contends that the record contains insufficient evidence to find that the false statements made by him were material. After thoroughly reviewing the record and the applicable law, the Court concludes that there was sufficient evidence presented at trial for the jury to conclude that Plaintiff's false statements were material.

    As the Court instructed the jury at trial, "[a] fact is material if it could have influenced the government's decisions or activities." (Trial Tr. at 1041:10-11). *See also United States v. Gaudin*, 515 U.S. 506, 509 (1995). It is not necessary, however, for the government to present proof that the

government actually relied on the statement. (Trial Tr. at 1041:11-12). Like all other elements of the crime, the burden remains on the government to prove materiality to the jury beyond a reasonable doubt. *See Gaudin*, 515 U.S. at 522-23.

The testimony of the Special Agent Carl DeFilippo in conjunction with Defendant's safety-valve-proffer agreement provided a sufficient basis for the jury to conclude that Defendant's false statements concerning his identity were material. Agent DeFilippo testified that becoming safety-valve eligible was the only way for a defendant to avoid a mandatory minimum sentence. (Trial Tr. 543:16-18 ("Q: So if you don't have the safety valve eligibility[,] you get that mandatory minimum or more, right? A: Yes.").) He also testified that in order to qualify for the safety valve, a defendant cannot have any meaningful criminal history. (*Id.* at 544:1-2 ("Q: To qualify [for the safety valve] there are a number of factors that a defendant has to satisfy, right? A: Yes. Q: He can't have any meaningful criminal history, right? A: Yes.").) Agent DeFilippo testified that the purpose of the December 21, 2009 proffer was to evaluate whether Defendant met all of the conditions of safety-valve eligibility. (*Id.* at 544:9-17 ("Q: And another requirement in order to qualify for this safety valve relief is that the defendant has to, in advance of the time of sentencing, meet with the authorities and tell the authorities everything he or she knows about the charge in the offense, right? A: I believe that's one of the conditions. Q: And the purpose of this [the December 21, 2009] meeting that you had was for the defendant to try to satisfy that last condition, right? A: *Amongst the other conditions,* yes." (emphasis added)).) The safety-valve-proffer agreement, Government Exhibit 43, states that the purpose of the proffer is for the government to be able to "evaluate [Defendant's] information and responses in determining whether [Defendant] qualifies for relief pursuant" to the safety-valve provision of the United States Sentencing Guidelines. (*See* GX 43.)

Based on this evidence, and the reasonable inferences that flow therefrom, a reasonable jury

2

could have concluded that Defendant's false statements regarding his identity frustrated the government's attempt to evaluate whether he had any meaningful criminal history and therefore was eligible to receive the benefit of the safety valve. This alone is sufficient to support the jury's finding that his false statements were material. Accordingly, Defendant's motion for acquittal as to Counts Four and Six is DENIED.

SO ORDERED.

Dated: July 29, 2010
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE